UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 1 3 2018

David J. Bradley, Clerk of Court

| | |
|---|---|
| CHRISTOPHER JOHNSON | ' |
| **PLAINTIFF** | ' |
| | ' |
| V. | ' CASE NO. 4:16-cv-01623 |
| | ' |
| HARRIS COUNTY AND, | ' Jury Demanded |
| INDIVIDUALLY GERRIT | |
| QUELLHORST, JUAN SALINAS, | |
| CARRINGTON PHILLIPS, BENJAMIN | |
| TAYLOR, AND MARTIN HOLLIS | |
| | ' |
| **DEFENDANTS** | ' |
| | ' |
| | ' |

## MOTION FOR SUMMARY JUDGMENT BY
## DEFENDANT CARRINGTON PHILLIPS

Defendant Carington Phillips ("Phillips" or "Defendant") now files his Motion for Summary
Judgment ("the Motion") pursuant to Rule 56, Fed. R. Civ. P., and would respectfully show this
Court as follows:

### NATURE AND STAGE OF THE PROCEEDING

1. This is a civil rights case filed by Plaintiff Christopher Johnson ("Plaintiff"), a former
   inmate of the Harris County Jail. Plaintiff was arrested on July 25, 2015 by Deputy
   Quellhorst on a charge of driving while intoxicated. While he was being processed
   into the Harris County Jail, Plaintiff was arguing about being arrested and became
   uncooperative. As a result of his refusal to comply with the officers' requests to have
   his booking photograph taken by facing straight toward the camera, a reasonable

1

amount of force was required to take his booking photograph. Plaintiff alleges that the Defendant violated his constitutional rights by using of excessive force.

2. The Defendant denies that he violated Plaintiff's constitutional rights on July 25, 2015 or at any other time, and denies that he is liable to Plaintiff in any amount, under any theory. The Defendant is entitled to qualified immunity, as an employee of Harris County Sherriffs Office on said date of alleged events. The Defendant seeks a judgment that Plaintiff take nothing against him.

## THE SUMMARY JUDGMENT STANDARD

3. In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Material facts are those facts that "might affect the outcome of the suit under the governing law." The facts are to be reviewed with all "justifiable inferences" drawn in favor of the party opposing the motion. However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy –that is, when both parties have submitted evidence of contradictory facts."

4. The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. The movant meets this initial burden by showing that the evidence in the record would not permit the nonmovant to carry its burden of proof at trial.. The burden then shifts to the nonmovant to demonstrate that summary judgment is inappropriate.

5. The nonmovant carries his burden by producing significant probative evidence that there is an issue of material fact to warrant a trial. The nonmovant's burden is not satisfiedby reliance on the allegations or denials in his pleadings. Instead, the nonmoving party must present specific facts which show the existence of a genuine issue concerning every

2

essential component of its case. SeeMorris, Id. A dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

## THE SUMMARY JUDGMENT EVIDENCE

6. Defendant was employed by the Harris County Sheriff's Office as a Detention Officer. Defendant was on duty on Friday, July 24, 2015, and was assigned to the Central Work Center of the Inmate Processing Division on the third watch.

7. Defendant's shift, sometime after midnight, Deputies Gerrit Quelhorst arrived with a prisoner who was charged with driving while intoxicated. The prisoner was later identified as Christopher Johnson ("Plaintiff").

8. Defendant did not choke Plaintiff; observe anyone choking Plaintiff, nor did he hear Plaintiff complain of being choked. Defendant did not observe that Plaintiff had sustained any injuries. Defendant did not believe this incident arose to the level of a use of force, and considered it a routine booking of an intoxicated person.

9. The force used by the officers is considered Empty Hand Control—Soft Technique, where "Officers use bodily force...grabs, holds and joint locks to restrain an individual". It is the next higher step above verbal direction in the NIJ/DOJ use of force continuum.

10.   After officer presence and verbal direction failed to gain Plaintiff's cooperation, it was entirely reasonable for the officers involved, including the Defendant, to escalate their level of force to Empty Hand Control - Soft Technique and force Plaintiff against the wall so that his receiving mugshot could be recorded.

## ARGUMENT AND AUTHORITIES

## A. SECTION 1983 GENERALLY

3

11.    To prevail on his Section 1983 claim, Plaintiff must prove that the Defendant, acting under color of law, deprived him of a right secured by the Constitution or laws of the United States on July 25, 2015.

12.    Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or was due to deliberate indifference, and was not the result of mere negligence.

## B. THE DOCTRINE OF QUALIFIED IMMUNITY

13.    "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'." Once raised by the defendant, the plaintiff has the burden to negate the assertion of qualified immunity. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. A court must first find "that the Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.

## C. THE QUALIFIED IMMUNITY TEST

14.    The initial inquiry in the qualified immunity analysis is whether the officer's conduct violated a constitutional right. If the officer violated a constitutional right, "the next sequential step is to ask whether the right was clearly established in light of the specific context of the case. Whether conduct violates clearly established law of which a reasonable person would have known "generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken.

15.     For qualified immunity to be surrendered, pre-existing law must dictate that is, truly compel (not just suggest or allow or raise a question about) the conclusion that for every like situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.

## D. DETERMINING WHETHER THE LAW WAS CLEARLY ESTABLISHED AT THE TIME OF THE INCIDENT

16.     Whether the law was clearly established at the time of the incident typically involves surveying Supreme Court and Fifth Circuit decisions, but "in the absence of directly controlling authority, a 'consensus of cases of persuasive authority' might, under some circumstances, be sufficient to compel the conclusion that no reasonable officer could have believed that his or her actions were lawful. Qualified immunity precludes suit against officers unless they "are on notice that their conduct is unlawful." Moreover, "general principles of the law are less likely to provide fair warning where applicability of the doctrine is highly context sensitive."

17.     A constitutional right 'is clearly established if in the light of pre- existing law the unlawfulness is apparent'" and "the unlawfulness of the alleged conduct is readily apparent from relevant precedent in sufficiently similar situations. If the law was clearly established, a court "must decide whether the defendant's conduct was objectively reasonable. The Court "considers an official's conduct to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution.

18.     Government officials are not required "to anticipate subsequent legal developments" or "to 'know' that the law forbade conduct not previously identified as unlawful" if the law was not clearly established at the time the official acted.

5

### E. DEFINING OBJECTIVE REASONABLENESS

19.     A "defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff.

20.     If reasonable public officials could differ as to whether the defendant's actions were lawful, the defendant is entitled to qualified immunity.

21.     Qualified immunity 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law. . Qualified immunity "represents the norm" for executive officers.

### F. PLAINTIFF HAS THE BURDEN TO OVERCOME DEFENDANT'S IMMUNITY DEFENSE

22.     Plaintiff's burden to overcome the qualified immunity defense in a use of force case is more difficult in light of the potentially infinite number of factual ciircumstances which officers face on a daiily bases. "Excessive force incidents are highly fact-specific and with cases squarely on point, officer receive the protection of qualified immunity".

### G. DEFENDANT CARRINGTON PHILLIPS ACTIONS MUST BE CONSIDERED SEPARATELY FOR QUALIFIED IMMUNITY PURPOSES

23.     Plaintiff sued Defendant, as well as Defendant's Deputy Quelhorst, Officer Hollis, Officer Taylor and Officer Salinas in their Individual Capacities. When considering Defendant's entitlement to qualified immunity, his actions must be considered separately from those of the officers.  Considering officer's collectively or as a group is improper for purposes of qualified immunity.

6

There is no genuine issue of material fact with regard to Plaintiff's claims against the Defendant. The Defendant is entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Carrington Phillips in his Individual Capacity respectfully requests that his Motion for Summary Judgment be, in all respects, granted, and for such other and further relief to which he shall show himself entitled.

Respectfully Submitted,

Carrington Phillips, Defendant, Pro Se
12822 Kiev Hills Ln
Houston, Texas 77047
carrington.phillips@live.com
(281)827-3368

## CERTIFCATE OF SERVICE

On this 13th Day of August 2018, a true and correct copy of this Motion For Summary Judgment has been filed with the clerk of said court and sent to Plaintiff's attorney of record and Harris County attorney of record:

| | |
|---|---|
| Andre D. Evans | Mary E. Baker |
| Andre Evans & Associates, PLLC | Senior Assistant County Attorney |
| 3003 South Loop West, Ste 108 | 1019 Congress 15th Floor |
| Houston, Texas 77054 | Houston, Texas 77002 |
| andre@attorneyandreevans.com | mary.baker@cao.hctx.net |

Carrington Phillips

7